IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 5:24-CV-450-FL

| | |
|---|---|
| SHANELLE MORRIS-WILKINS, as Executor and Beneficiary of DANNY WILKINS ESTATE, <br><br>　　　　　　　Plaintiff, <br><br>　　v. <br><br>DAVENPORT AUTO PARK, NEIL NELSON, ELIZABETH JONES, CHERYL SPRUILL, LINWOOD COFIELD, MATT JOYNER, C RAY JOYNER, and COASTAL CREDIT UNION, <br><br>　　　　　　　Defendants. | ORDER |

This matter is before the court upon plaintiff's motions to disqualify counsel (DE 16), for an extension of time to serve summons (DE 32), and to consolidate (DE 58).[1]  For the following reasons, plaintiff's motion for an extension of time is granted, and her other two motions are denied.

## BACKGROUND

Plaintiff began this contract and commercial tort suit on August 2, 2024, against defendants Davenport Auto Park, Neil Nelson, Elizabeth Jones, Cheryl Spruill and Linwood Cofield.  Plaintiff filed an amended complaint on October 31, 2024, naming those defendants again as well as new defendants Matt Joyner, C. Ray Joyner, and Coastal Credit Union.  On November 4, 2024, the

---

[1]　Also pending are three motions to dismiss under various provisions of Federal Rule of Civil Procedure 12 (DE 39, 41, 49), and plaintiff's motion to be exempted from taxation of costs (DE 53).  The court will rule on these motions later by separate order.

1

clerk of court issued a notice to plaintiff of her failure to make service within 90 days as to originally named defendants Davenport Auto Park, Neil Nelson, Elizabeth Jones, Cheryl Spruill and Linwood Cofield.

Plaintiff filed November 14, 2024, the instant motion to disqualify counsel, relying upon a photograph and a news article. On November 18, 2024, plaintiff filed a response to the court's notice. The next day, the court entered the following text order:

> TEXT ORDER regarding Response DE 18. Plaintiff asserts in her response that she effected service against defendant Davenport Auto Park on or after October 31, 2024, but fails to provide any service documentation. Further, plaintiff's response offers no suggestion of service upon the other defendants named in her original complaint, nor any good cause besides her pro se status, which is insufficient. The court therefore DISMISSES WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m) all defendants named in plaintiff's original complaint, except Davenport Auto Park. Plaintiff is ORDERED to provide service documentation as to Davenport Auto Park on or before December 2, 2024. Failure to provide such documentation will result in the dismissal without prejudice of Davenport Auto Park under Rule 4(m).

(November 19, 2024, Text Order).

Plaintiff subsequently filed proof of service for all defendants named in her complaints except defendant Linwood Cofield. (See DE 25-31). She filed the instant motion for extension of time the same date.

Motions to dismiss by defendants followed, which motions now have been briefed fully. In the meantime, plaintiff filed also the instant motion to consolidate this action with case No. 5:24-CV-462-M.

## COURT'S DISCUSSION

The court first addresses service issues in this case before turning to plaintiff's other motions.

A.      Service

As noted, the court dismissed four defendants, Neil Nelson, Elizabeth Jones, Cheryl Spruill and Linwood Cofield, on November 19, 2024, for failure to timely effect service of plaintiff's original complaint, filed August 2, 2024.  Plaintiff subsequently filed proofs of service for all defendants named in her amended complaint except Linwood Cofield.  However, the filing of the amended complaint did not reset service deadlines except for the defendants first named only in the amended complaint. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court. . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").[2]  Therefore, without more, plaintiff's later filed proofs of service upon the already dismissed defendants, Neil Nelson, Elizabeth Jones, Cheryl Spruill and Linwood Cofield, are ineffective.

Nevertheless, because plaintiff's proof of service upon the defendants newly added in the amended complaint are timely as to that amended complaint, the court construes plaintiff's instant motion for extension of time as a request to consider her proof of service as to these defendants, Matt Joyner, C. Ray Joyner, and Coastal Credit Union, along with Davenport Auto Park, timely. Plaintiff's motion thus is granted in part, and service as to these defendants is deemed timely. Plaintiff's claims against defendants Neil Nelson, Elizabeth Jones, Cheryl Spruill, and Linwood

---

[2]      Although the United States Court of Appeals for the Fourth Circuit has not expressly addressed the effect of an amended complaint on service of defendants named in an original complaint, district courts in this circuit, and other federal courts across the country, have uniformly concluded that a contrary determination would render service deadlines nullities, by permitting plaintiffs to extend them indefinitely by filing successive amended complaints.  See, e.g., United States ex rel. Moore v. Cardinal Fin. Co., LP, No. CCB-12-1824, 2017 WL 1165952, at *8 (D. Md. Mar. 28, 2017) (collecting cases); Convergence Techs. (USA), LLC v. Microloops Corp., 711 F. Supp. 2d 626, 631 n.4 (E.D. Va. 2010); Moore v. Walton, 96 F.4th 616, 626 (3d Cir. 2024); Lee v. Airgas Mid-South, Inc., 793 F.3d 894, 898 (8th Cir. 2015); Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006); Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir. 1987); Makell v. County of Nassau, 599 F. Supp. 3d 101, 107 (E.D.N.Y. 2022); Carr v. Int'l Game Tech., 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011).

Cofield remain dismissed without prejudice pursuant to Rule 4(m), and plaintiff's motion as to these defendants is denied.

B.     Motion to Disqualify

Plaintiff moves to disqualify the counsel of defendant C. Ray Joyner. The basis for this motion is not entirely clear, and it appears that plaintiff believes these attorneys have violated the rules of ethics governing attorneys and/or judges because The Honorable Tim Wilson, Superior Court Judge for North Carolina Judicial District 7A, used to work with their firm, and that they once took a photo with him. (<u>See generally</u> Mot. Disqualify (DE 16)). In particular, plaintiff cites Rule of Professional Conduct 1.7, which governs concurrent conflicts of interest. The court cannot discern the relevance of this rule here. Plaintiff does not allege that C. Ray Joyner's attorneys, or Judge Wilson, have ever represented her, or any other facts supporting even the appearance of a conflict of interest. Further, Judge Wilson serves on the state judiciary, but this case is pending before the undersigned in federal court. Judge Wilson will not preside over this case or rule on any matter therein, so C. Ray Joyner's attorneys' association with Judge Wilson creates no appearance of impropriety under judicial ethics.

For these reasons, plaintiff's motion to disqualify is denied.

C.     Motion to Consolidate

Finally, plaintiff moves to consolidate this case with case No. 5:24-CV-462-M under Federal Rule of Civil Procedure 42(a).

Rule 42(a) governs consolidation, and provides that if actions "involve a common question of law or fact, the court may . . . (2) consolidate the actions[.]" Fed. R. Civ. P. 42(a). To determine whether consolidation is appropriate, this court must consider whether the specific risks of prejudice and possible confusion from consolidation are overborne by the risk of inconsistent

4

adjudications, the burden on parties, witnesses, and judicial resources posed by multiple suits, the length of time required to conclude multiple suits as against a single suit, and the relative expense of single-trial and multiple-trial alternatives.  Campbell v. Boston Sci. Corp., 882 F.3d 70, 74 (4th Cir. 2018).

The two cases here lack common questions of law or fact, rendering consolidation improper.  The court therefore need not reach the Campbell factors.

The operative complaint in case No. 5:24-CV-462-M, captioned Morris-Wilkins v. Joyner et al. (hereinafter the "Will Case"), sets out various § 1983 and state law tort claims against a slew of state and county actors, attorneys, and Toyota, stemming from an elaborate alleged fraud in the probate and administration of plaintiff's husband's will.  Two defendants in the Will Case, C. Ray Joyner and Davenport Auto Park, also appear in the instant case.  However, Davenport Auto Park is barely mentioned in the Will Case's operative complaint.  (See Morris-Wilkins v. Joyner, et al., No. 5:24-CV-462, DE 75 at 5, 12 (E.D.N.C. Jan. 21, 2025)).  And the allegations against Joyner in the Will Case center around his allegedly improper handling of plaintiff's husband's will and estate, while those here revolve around his alleged role in the fraudulent sale of a truck.  The claims presented and relief requested in these two cases diverge significantly, and the court concludes that, despite the naming of two common defendants, there are minimal common questions of law and fact present in these two cases.  For these reasons, plaintiff's motion to consolidate is denied.

## CONCLUSION

Based on the foregoing, plaintiffs' motions to disqualify and to consolidate (DE 16, 58) are DENIED.  Plaintiff's motion for an extension of time (DE 32) is GRANTED insofar as it requests that plaintiff's service upon Davenport Auto Park, Matt Joyner, C. Ray Joyner, and Coastal Credit Union be considered timely, and DENIED as to defendants Neil Nelson, Elizabeth Jones, Cheryl

Spruill, and Linwood Cofield, who remain DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m).

SO ORDERED, this the 6th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge