IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-450-FL

| | |
|---|---|
| SHANELLE MORRIS-WILKINS, as Executor and Beneficiary of Danny Wilkins's Estate, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )           ORDER<br>) |
| DAVENPORT AUTO PARK, MATT JOYNER, C RAY JOYNER, and COASTAL CREDIT UNION, | )<br>)<br>)<br>) |
| Defendants.[1] | ) |

This matter is before the court upon defendants' motions to dismiss (DE 39, 41, 49), and plaintiff's motion opposing taxation of costs (DE 53). For the following reasons, defendants' motions are granted, and plaintiff's motion is denied.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this contract and commercial tort suit on August 2, 2024, against defendant Davenport Auto Park, and former defendants Neil Nelson ("Nelson"), Elizabeth Jones ("Jones"), Cheryl Spruill ("Spruill"), and Linwood Cofield ("Cofield"). Plaintiff filed the operative amended complaint on October 31, 2024, naming those defendants again as well as new defendants Matt Joyner, C. Ray Joyner, and Coastal Credit Union.

---

[1] The court constructively amends the caption to reflect the dismissal of four defendants on November 19, 2024, as reaffirmed by separate order March 6, 2025.

1

Plaintiff presents claims for 1) "unauthorized sale of vehicle" and legal malpractice; 2) violation of Uniform Commercial Code ("UCC") § 2-403; 3) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (the "TILA"); and 4) unfair and deceptive trading practices ("UDTP") under North Carolina law against C. Ray Joyner and Davenport Auto Park.

Plaintiff presents claims for 1) unjust enrichment and improper collection activities; 2) violation of N.C. Gen. Stat. § 28A-19-3; 3) violation of UCC Article 9; 4) and violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") against CCU.

Plaintiff does not plead any claims against Matt Joyner, but Davenport briefs its motion as if plaintiff's claims against it are pleaded against Matt Joyner too. (See generally Davenport Br. (DE 50)). In deference to plaintiff's pro se status and Davenport Auto Park's construction of the complaint, the court assumes this construction too.

Finally, plaintiff appears to press a claim under the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 41 et seq., against all defendants.

Following a series of proceedings and orders unrelated to the instant motions, the court dismissed Nelson, Jones, Spruill, and Cofield under Federal Rule of Civil Procedure 4(m) on November 19, 2024, which decision it reaffirmed on March 6, 2025. The complaint[2] contains several claims against these now-dismissed defendants.

In the meantime, defendants filed the instant motions to dismiss: 1) defendants Matt Joyner and Davenport Auto Park filed together a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); 2) defendant Coastal Credit Union filed a motion to dismiss pursuant to Rules 12(b)(2) and Rule 12(b)(5); and 3) defendant C. Ray Joyer filed a motion to

---

[2] Plaintiff's operative pleading is her amended complaint at docket entry (DE) 5. All references and citations to the "complaint" in this order are to this filing.

dismiss pursuant to Rules 12(b)(1) and 12(b)(6). While briefing on these motions was ongoing, plaintiff filed the instant motion for exemption from taxation of costs, relying upon communications between her and defendants. The parties have completed briefing on each of these motions.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiff's husband died of COVID on October 3, 2021. (Compl. (DE 5) ¶ 1). On August 6, 2022, plaintiff's late husband's GMC truck (hereinafter "the truck") was taken to Davenport Auto Park, and its keys deposited in the dealership key drop box. (Id.).[3]

Elizabeth Jones, an employee of Davenport Auto Park, notarized all documents and was involved "in the transaction of the sale," including by signing as the buyer, acknowledging the truck's mileage. (Id. ¶ 2). Plaintiff had thought about selling the truck but decided against it on August 9, 2022, "the same day she went to complete the paperwork." (Id.). Plaintiff was then told that funds promised from the sale would not be given to her. (Id. ¶ 3). Plaintiff immediately told Davenport Auto Park employees that she did not wish to sell the truck, and that Davenport Auto Park should void plaintiff's power of attorney over the truck. (See id. ¶¶ 2–4).

Plaintiff alleges that Spruill assured her the power of attorney would not be used and that the truck would be returned to plaintiff, with an option to sell later if plaintiff changed her mind. (Id. ¶ 5). Plaintiff contacted Spruill on August 14, 2022, and was told the truck had been sold using the voided power of attorney, without plaintiff's consent. (Id. ¶ 6). Defendant Matt Joyner, Davenport Auto Park's sales manager, acknowledged the sale but "indicated that nothing could be due to a lawyer's involvement [sic]." (Id. ¶ 7A). The lawyer in question was C. Ray Joyner. (Id.).

---

[3] Though the complaint does not expressly say so, the court infers, based on the remainder of the complaint as catalogued below, that plaintiff did so as part of negotiations for a proposed sale of the truck.

3

C. Ray Joyner was advised by plaintiff that she did not wish to sell the truck, but he did nothing to prevent the sale. (Id. ¶ 8).

**COURT'S DISCUSSION**

The court first addresses the three motions under Rule 12 before turning to plaintiff's motion concerning costs.

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[4] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) challenges the sufficiency of process, while a motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(4), (b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting

---

[4]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. See Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding plaintiff must prove service of process if challenged).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Discussion

The court evaluates defendants' motions in turn.

1.  Coastal Credit Union

Defendant Coastal Credit Union seeks dismissal for improper service. Failure to properly serve a defendant deprives the court of personal jurisdiction over that defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

A corporation, partnership, or association must be served 1) in the manner prescribed by applicable state law, or 2) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(h).

Under applicable state law, a corporation or association must be served by: 1) "delivering a copy of the summons and complaint to an officer, director, or managing agent of the entity or by leaving copies thereof in the office of such [person] with the person who is apparently in charge of the office"; 2) "delivering a copy of the summons and complaint to an agent authorized" by law to accept service of process; 3) "mailing a copy of the summons and of the complaint," addressed to an officer, director, or agent to be served; or 4) depositing a copy of the summons and complaint with a "designated delivery service" addressed to an officer, director, or agent, and obtaining a delivery receipt. N.C. R. Civ. P. 4(j)(6).

Plaintiff asserts that she served Coastal Credit Union by giving the required documents to an unknown security guard at Coastal Credit Union's main office. (See Proof of Service (DE 27)). An unidentified security guard plainly is not a director or officer, nor does plaintiff argue that Coastal Credit Union's security guards are legally authorized agents for service. Instead, plaintiff asserts that service was proper under the first prong of North Carolina Rule of Civil Procedure 4(j)(6) because the security guard was apparently in charge of the office, and because Coastal Credit Union ultimately received actual notice of the suit.

There is little authority from the North Carolina courts interpreting the "apparently in charge of the office" language of Rule 4(j)(6)(a). The only case the court's research has found addressing this language is an unpublished decision of the North Carolina Court of Appeals, which held that an individual's residence on the corporation's premises and actual status as an executive of the company rendered him "apparently in charge of the office" under that rule. See Jhang v. Templeton Univ., No. COA 22-869, 2024 WL 685799, at *3–4 (N.C. Ct. App. Feb. 20, 2024).[5] In

---

5     Plaintiff cites a published North Carolina Court of Appeals case, Elkins v. Broome, 213 N.C. App. 264 (2011). (Pl's Br. Opp. CCU (DE 46) 3). However, this reporter page is part of McKoy v. Beasley, 213 N.C. App. 258 (2011), an entirely unrelated case. A search of the electronic docket of the North Carolina Court of Appeals uncovers no case by that name. Plaintiff appears to cite instead to Elkins v. Broome, 213 F.R.D. 273 (M.D.N.C.

this absence of authority, the court consults the plain text of the rule and the persuasive value of judicial opinions construing similarly worded provisions under the federal rules.

First, the plain text of the rule demonstrates that an unknown security guard is not "apparently in charge." The rule states that delivery must be made "in the office of such officer, director, or managing agent . . . or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." N.C. R. Civ. P. 4(j)(6)(a) (emphasis added). The language of the rule clearly requires a process server to leave the documents "in the office" of an officer or director with somebody apparently in charge of that office. Indeed, the last portion of the rule uses the definite article "the" to refer back to the stated office of an officer, director, or managing agent. The rule seemingly contemplates service upon, for example, a secretary of an officer not personally present in the building when service is attempted, but who is authorized to accept deliveries for that officer in his or her absence.

Second, other courts have overwhelmingly rejected arguments that leaving documents with security, clerical, or similar employees is proper under the federal rules. See, e.g., Broome, 213 F.R.D. at 275 (delivery to duty officer at police station did not serve other officer); Jones v. Auto. Club of S. Cal., 26 F. App'x 740, 743 (9th Cir. 2002) (service upon security guard did not suffice); Zond, LLC v. Fujitsu Semiconductor Ltd. 53 F. Supp. 3d 394, 397–98 (D. Mass. 2014) (collecting cases under federal rules).

Under the plain language of the rule and consensus of authority rejecting this argument, the court concludes that the unidentified security guard was not "apparently in charge" of the office of an officer, director, or managing agent.

---

2003). But that case favors defendant Coastal Credit Union, as it held under the federal rules that delivery of a complaint to a duty officer at a police station did not properly serve a different police officer, despite the duty officer's representations that he would route the papers to the intended defendant. See id. at 275.

In the alternative, plaintiff argues that defendant Coastal Credit Union's actual notice of this suit defeats its motion. However, actual notice is not the controlling standard, and the plain requirements for effecting service may not be ignored. See Armco, Inc. v. Penrod-Stauffer Building Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016). Further, this argument would effectively erase Rule 12(b)(5), as any party that appears to lodge a Rule 12(b)(5) motion necessarily has had actual notice of the action.

This argument does not prevail either, and so plaintiff's claims against Coastal Credit Union must be dismissed without prejudice for failure to effect service. See Dodwell, 152 F.3d at 306 (holding that improper service defeats personal jurisdiction); Atkisson v. Holder, 925 F.3d 606, 628 (4th Cir. 2019) (dismissal for lack of personal jurisdiction must be without prejudice).

2.  Other Defendants

Defendants Matt Joyner, C. Ray Joyner, and Davenport Auto Park all argue that plaintiff's federal claims fail, and that without these federal claims against them, the court should decline to exercise supplemental jurisdiction over her remaining state law claims. The court agrees that this course is proper.

Plaintiff asserts claims under TILA, the FTC Act, and 42 U.S.C. § 1983 against these three defendants.

a.  TILA

TILA regulates only "creditors" as the statute uses that term. Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263, 269 (4th Cir. 2008). In turn, TILA's definition of "creditor" is a person "who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of

indebtedness[.]" 15 U.S.C. § 1602(g). A party regularly extends consumer credit only if it extended credit more than 25 times, or more than five times for transactions secured by a dwelling, in a calendar year. Cetto, 518 F.3d 263, 273. Further, TILA liability cannot accrue until credit is, in fact, extended. Nigh v. Koons Buick Pontiac GMC, Inc., 319 F.3d 119, 123 (4th Cir. 2003), rev'd on other grounds, 543 U.S. 50 (2004); Baxter v. Sparks Oldsmobile, Inc., 579 F.2d 863, 864 (1978).

Plaintiff's complaint lacks any allegations that defendants C. Ray Joyner, Matt Joyner, or Davenport Auto Park are creditors as defined by the statute for purposes of the subject transaction. Indeed, the credit documentation, which plaintiff attaches to her complaint, shows that the only credit associated with plaintiff's late husband's truck was extended by Coastal Credit Union, not Matt Joyner, C. Ray Joyner, or Davenport Auto Park.[6] Thus, plaintiff's TILA claim against these three defendants fails because 1) she does not allege that any falls within the statutory definition of a creditor; and 2) she does not allege that any actually extended her credit in connection with the allegedly fraudulent sale at the heart of this case, as required for TILA liability.

      b.     FTC Act

Insofar as plaintiff intends to present a claim under the FTC Act against these three defendants, such claim must fail. The FTC Act lacks a private right of action. 15 U.S.C. § 45(b) (providing for enforcement only by the FTC itself); see, e.g., Baum v. Great W. Cities, Inc., of N.M., 703 F.2d 1197, 1209 (10th Cir. 1983); J.R. v. Walgreens Boots All., Inc., No. 20-1767, 2021 WL 4859703, at *8 (4th Cir. Oct. 19, 2021) (collecting cases).

---

[6] Davenport Auto Park admits that it extended credit to plaintiff's late husband when he purchased the truck in 2019. (See Davenport Br. (DE 50) 5). However, a TILA claim on this financing transaction would be years untimely under TILA's one-year statute of limitations. 15 U.S.C. § 1640(e).

c.     42 U.S.C. § 1983

Finally, plaintiff seemingly attempts to plead a claim under 42 U.S.C. § 1983. Her complaint contains a few conclusory references to that statute and the Fourteenth Amendment. (See Compl. 14, 15, 16, 17, 19). Assuming that plaintiff intended to plead these claims against the remaining defendants, such claims must fail. 42 U.S.C. § 1983 applies only to state actors, and other parties with such a close relationship with state actors that the former effectively engages in state action. E.g., Brentwood Academy v. Tenn. Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001); Peltier v. Charter Day Sch., Inc., 37 F.4th 104, 115 (4th Cir. 2022) (en banc). Plaintiff presents no argument or allegations that any defendant is a state actor, so this claim fails.

d.     Remaining Claims and Supplemental Jurisdiction

With plaintiff's federal claims dismissed, Davenport Auto Park, Matt Joyner, and C. Ray Joyner urge the court to decline to exercise supplemental jurisdiction over plaintiff's myriad remaining state law claims. The court agrees that this is the proper course.

This court had original jurisdiction over this action because plaintiff alleged federal claims against defendants. However, Coastal Credit Union must be dismissed for improper service, and plaintiff's other federal claims fail on the merits, all as discussed above. This court therefore no longer has federal question jurisdiction over this action. Nor does diversity jurisdiction exist, because plaintiff, Matt Joyner, C. Ray Joyner, and Davenport Auto Park are all citizens of North Carolina. (Compl. 2–3). Therefore, the court may decline to exercise supplemental jurisdiction over plaintiff's state law claims because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

If all federal claims are dismissed before trial, a court should generally refrain from exercising supplemental jurisdiction. E.g., United Mine Workers v. Gibbs, 383 U.S. 715, 726

(1966); Mora v. City of Gaithersburg, 519 F.3d 216, 231 (4th Cir. 2008); Tomasello v. Greenzweig, 461 F. Supp. 3d 302, 319–20 (E.D. Va. 2020).  Because all of plaintiff's federal claims are dismissed, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, which are dismissed without prejudice.

4.      Motion for Exemption from Costs

Finally, plaintiff moves for exemption from the payment of costs under Federal Rule of Civil Procedure 54(d)(1), on grounds that such costs violate her First Amendment rights to criticize defendants.  This request is meritless.  Such costs are expressly authorized by the Federal Rules of Civil Procedure, and presumptively awarded to a prevailing party.  Id.  And defendants are private parties, to which the First Amendment does not apply.  Manhattan Community Access Corp. v. Halleck, 587 U.S. 802, 808 (2019).  Plaintiff's motion is therefore denied, including insofar as it demands an injunction prohibiting an award of costs.  (See Proposed Order (DE 53-1)).

## CONCLUSION

Based on the foregoing, the parties' motions are resolved as follows:

1.  Defendant Coastal Credit Union's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) (DE 39) is GRANTED, and plaintiff's claims against it are DISMISSED WITHOUT PREJUDICE;

2.  Defendants Matt Joyner, C. Ray Joyner, and Davenport Auto Park's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (DE 41, 49) are GRANTED.  Plaintiff's claims against these defendants for violations of the Truth in Lending Act, the FTC Act, and 42 U.S.C. § 1983 are DISMISSED.  The court declines to exercise supplemental jurisdiction over plaintiff's remaining claims against these defendants, which are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's motion for exemption from costs (DE 53) is DENIED.

The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of April, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge